# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RYAN SHANKAR, a Conserved Adult, by and through his father and Conservator, VISHNU SHANKAR,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Case No. 13-cv-01490 NC<br><br>**ORDER RE: STIPULATED REQUEST FOR DISMISSAL OF THE FEDERAL DEFENDANTS**<br><br>Re: Dkt. No. 57 |

On February 6, 2014, the Court issued an order granting in part and denying in part the federal defendants' motion to dismiss the first amended complaint. Dkt. No. 56. The Court gave plaintiff leave to amend the complaint by March 5, 2014. *Id.*

Additionally, the order noted that there is a question about whether plaintiff is competent and could adequately protect his interests and that it appears that the limited conservatorship currently in place does not empower plaintiff's father to make all decisions related to this action. *Id.* The Court ordered that, by March 5, 2014, plaintiff's counsel (1) must explain to plaintiff the purpose and effect of a guardian ad litem appointment; (2) must file a statement informing the Court and the other parties about whether or not plaintiff consents to the appointment of a guardian ad litem; and (3) if plaintiff consents to

the appointment, plaintiff's counsel must file a request to appoint a guardian ad litem, identifying the person who is proposed to serve as a guardian ad litem and explaining why that person would be a suitable guardian ad litem. *Id.* The Court further noted that, if plaintiff does not consent to the appointment of a guardian ad litem, the Court will set deadlines for briefing and a hearing on the issue of whether plaintiff is incompetent within the meaning of Federal Rule of Civil Procedure 17(c) and whether plaintiff's interests in this action are adequately protected.

On February 24, 2014, plaintiff and the federal defendants filed a stipulated request to dismiss the federal defendants with prejudice from this action. Dkt. No. 57. On February 26, 2014, the Court held a status conference to address the request for dismissal, and the issue of plaintiff's capacity and his conservator's authority to (1) compromise and dismiss the claims against any of the defendants; and (2) to pursue the litigation against any remaining defendants.

As the Court noted at the hearing, the limited conservatorship gives plaintiff's father "full powers to collect and compromise the claim of the Conservatee which pertains to [this action]." Dkt. No. 40 at 11. The order of appointment requires the conservator to petition the issuing court for approval of any settlement or compromise of this litigation. *Id.* At the hearing, plaintiff's counsel took the position that the stipulated request for dismissal is within the powers given to the conservator "to collect and compromise" and indicated that she intends to file a petition for approval of the settlement in state court, as required by the order of appointment. While this Court does not make a determination at this time as to the effect of the state court's decision on the petition for approval of settlement, that decision will provide a better record and allow the Court to make a more informed determination on the stipulated request for dismissal of the federal defendants. Accordingly, the stipulated request for dismissal is taken under submission pending the state court's decision on plaintiff's petition for approval of the settlement. By March 19, 2014, plaintiff's counsel must file a report informing the Court about the status of the state court approval process. At the time of filing of the petition for settlement approval in state court, plaintiff's counsel

must also file a notice of the filing in this Court, attaching a copy of the petition. In light of the pending stipulated request for dismissal of the federal defendants, plaintiff does not need to file an amended complaint as directed by the Court's February 6 order, Dkt. No. 56.

Additionally, at the status hearing counsel for United Airlines and for plaintiff informed the Court that they are in the process of discussing a potential settlement with United Airlines. By March 19, 2014, plaintiff and United Airlines must file a notice of settlement, a joint request for additional time to negotiate a settlement supported by good cause, or a notice that the attempts to reach a settlement have not been successful and no further discussions are anticipated at this time. If no settlement is reached, the Court will issue a further order addressing plaintiff's capacity to litigate this case against United Airlines. As plaintiff's counsel informed the Court at the status hearing that plaintiff is unable to consent to the appointment of a guardian ad litem, she does not need to file any further statement on this issue to comply with the Court's February 6 order, Dkt. No. 56.

The settlement conference with Judge Maria-Elena James, currently set for March 28, 2014, remains on calendar. The Court will consider whether it is appropriate to continue the settlement conference after reviewing the parties' submissions due by March 19, 2014.

IT IS SO ORDERED.

Date: March 4, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge